### Toledo, St. Louis & Western Railroad Company v. Martha A. Cross, Administratrix.

1. WARNING—*when not required to be given by ringing bell or sounding whistle.* Where the injury in question was occasioned at a place where it does not appear that there was a statutory duty to give a warning and where there had been no custom of giving a warning, no obligation rests upon the company to give such warning.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Coles County; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1905. Reversed with finding of fact. Opinion filed June 8, 1906.

CHARLES A. SCHMETTAU and A. J. FRYER, for appellant; CLARENCE BROWN, of counsel.

JOHN S. HALL and T. N. COFER, for appellee.

Mr. Justice Baume delivered the opinion of the court.

Appellee recovered a verdict and judgment in the court below against appellant for $390 for negligently causing the death of her intestate, Joseph W. Cross.

The declaration alleges that on September 26, 1904, appellant was operating a railroad through Coles county, and that the deceased, Joseph W. Cross, was employed by appellant as a section hand; that at 8 o'clock P. M. of said day Cross was called by his section foreman to go to a certain bridge on appellant's road to watch through the night, until he was relieved the following morning; that said Cross went to said bridge to perform said duty, and provided himself with the proper lanterns, one red and one white, to give the necessary signals; that while he was on duty, and exercising reasonable care for his own safety, one of the trains of appellant running on its railroad failed to sound its whistle when 100 yards west of the west end of the bridge at which said Cross was working, whereas it was the duty of the engineer in charge of the engine to whistle at said distance from said bridge; and that by reason of such negligence said Cross was killed.

At the close of appellee's evidence appellant moved the court to give to the jury a peremptory instruction, but the motion was denied and the peremptory instruction tendered was refused. Appellant offered no evidence.

The uncontroverted evidence in the case shows that there is a trestle on appellant's road about half a mile west of the city of Charleston, which crosses over a creek and the track of an interurban electric road; that the west end of the trestle is about twenty feet above the ground, and at that point the right of way of appellant is filled to a level with the trestle, making a very steep embankment; that as the action of the water in the creek threatened to wash away and weaken the embankment, and thus endanger the safety of the trestle, it was deemed necessary to have a watchman stationed at that point to observe the conditions and signal approaching trains; that the deceased was directed by his section foreman to watch the fill and trestle during the

night of September 26 and 27, 1904; that deceased pro-
vided himself with red and white lanterns and went to the
trestle at about 9 o'clock P. M.; that at about 11 o'clock
deceased was seen by some men in the employ of the elec-
tric road with whom he had a conversation, at which time
the white lantern was burning on the trestle; that about
three quarters of an hour thereafter a west-bound train
passed over the trestle, and the white light disappeared.

On the morning of September 27th the body of deceased
was found near the foot of the embankment, ten or fifteen
feet below appellant's track, and a deep wound on the right
side of his head, and particles of brain and blood found
on the ties and rails of the trestle indicated that he had
been killed instantly by a passing train. On one of the
wooden ties or guard rails of the trestle was found freshly
carved the initials of deceased, " J. W. C." and the date,
'September 27, 1904."

A right of recovery in the case is predicated solely on
the alleged failure of the servants of appellant operating
its train to sound a locomotive whistle as a warning to de-
ceased, before passing over the trestle. Conceding that
appellant owed deceased the duty to give warning of the
approach of its train, we are unable to comprehend upon
what theory it can be held that such warning was neces-
sarily required to be given by sounding a whistle. There is
evidence tending to show that the east-bound train passing
over the trestle during the night did not sound any whistle,
but the record is barren of any evidence tending to show that
bells were not rung. Furthermore, the evidence tends to
show that the deceased was struck by a west-bound train,
and as to such train there is no evidence that the whistle
was not sounded or the bell was not rung.

We are, however, constrained to the conclusion that ap-
pellant owed no duty to the deceased to sound a whistle,
or give other warning of the approach of its trains. There
were no whistling posts, requiring the servants of appellant
to sound a locomotive whistle as the train approached the

trestle, and it does not appear that a whistle was customarily sounded.

The deceased was stationed at the place in question in the capacity of a watchman, to keep a lookout that the waters of the creek did not wash away the fill or embankment so as to endanger the foundations of the trestle, and to display, as occasion required, signals of danger or safety for the information of the servants of appellant operating its trains. He was an experienced railroad man, familiar with appellant's road and must be held to have known that appellant's trains were liable to pass over its track at any time. He was stationed there for the express purpose of watching for the approach of trains and signaling them. It is anomalous to say that appellant, under such circumstances, owed the deceased a duty to warn him of approaching danger.

There is evidence tending to show that the deceased was fatigued and drowsy on the night he was killed, and we think the only reasonable explanation of the accident resulting in his death, is, that he was asleep when struck by the train.

In the view we take of the case, we deem it unnecessary to further extend this opinion, by a discussion of the questions of contributory negligence and assumed risk argued by counsel.

The judgment is reversed with a finding of fact to be incorporated in the judgment of this court.

*Reversed, with finding of fact.*

Finding of fact: We find that appellant was not guilty of negligence contributing to the death of appellee's intestate.